### IN THE

## SUPREME COURT

### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, JANUARY TERM, 1827.

### *TAYLOR* vs. *HOLLANDER.*

APPEAL from the court of probates of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. This case has been already before the court, and was remanded for further proceedings. *Vol.* 4, 535.

On its return to the court of probates, an examination of the merits was gone into, and it appearing to the judge below that the notes and other specific property claimed in the petition, had been alienated and transfer-

In an action against one executor of an estate, a co-executor may be called as a witness by the plaintiff.

So if he has been discharged from his office he is a good witness.

If an executor who has become insolvent, is sued in the court of probates for notes and obligation, belonging to the estate, and it appears

EasternDis'c.
January 827

TAYLOR
vs
HOLLANDER.

he has trans-
ferred them,
the cause
must be cu-
mulated with
the proceed-
ings in the
concurso.

red before the commencement of the suit, he gave judgment of non-suit against the plaintiff, and from that judgment this appeal has been taken.

Before the correctness of this opinion can be enquired into, it becomes necessary to examine the propriety of a decision of the judge *a quo*, on the trial, which is presented to our consideration by a bill of exceptions.

By this decision the judge overruled an objection taken by the defendant, that Shepherd, one of the executors of the last will and testament of Harman, was not a competent witness; and secondly, that no parol evidence could be given to show in what capacity the defendant received the notes, which form the subject of the present contest, as the receipt is signed by him in his individual character, without any addition thereto.

Whether Shepherd, at the time he was called on to testify, was, as the plaintiff contends, discharged from the office of executor, or whether he still continued to fulfil its duties, it appears to us the court below did not err. For, in the first hypothesis he had no interest in the event of the suit; and in the

second, he had one opposed to the party calling him, as executors by our law are liable in *solido*, unless the testator himself has divided their functions, and each of them has confined himself to the duties allotted to him. *C. code*, 243—*art*. 177.

It is also our opinion, that the judge below did not err in permitting parol evidence to be received to show in what character the defendant had got these notes into his possession. The receipt purports, that they were received by the defendant on account of the estate of Thomas L. Harman, deceased. The documents prove that at the time they were delivered the defendant was executor of this estate. As the law raises a presumption that he took them in the only capacity in which he was authorised to receive them, and this presumption was, in some measure, opposed by his not adding the term executor to the receipt, there was such an ambiguity as could be properly removed by parol testimony; the only effect of which was to explain, and not to contradict.

On the merits, however, we think the judge decided correctly in favor of the de-

fendant. The evidence showed that the note delivered to the executor had already been passed by him, and was no longer in his power, that it had become the property of a third party. The only judgment, then, which the court could have correctly given, was for its amount, and this, after the defendant had failed, could not be done in the court of probates; for as that judgment would have to be satisfied out of the moneys in the hands of the syndics, the amount due must be settled contradictorily with the other creditors.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed with costs.

*Hennen* & *Grymes* for the plaintiff, *Peirce* & *Eustis* for the defendant.